UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVARDO JOHN BASDEN (A-Number: 240-452-962),<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, Golden State Annex, et al.,<br><br>Defendant. | No. 1:25-CV-00123-KES-EGC (HC)<br><br>ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 21 |

Petitioner Lavardo John Basden is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that his prolonged detention violates the Due Process Clause of the Fifth Amendment. Doc. 21 at 25–27.

On January 8, 2026, petitioner filed a writ of habeas corpus and request for injunctive relief. Doc. 1. On February 13, 2026, respondents filed a response. Doc. 14. On February 27, 2026, petitioner filed his first amended habeas petition. Doc. 16. On March 26, 2026, the magistrate judge issued findings and recommendations to deny the petition. Doc. 18. On April 17, 2026, the petitioner filed objections to the findings and recommendations. Doc. 19. On July 27, 2026, petitioner filed his second amended petition and a motion for a temporary restraining order. Docs. 21, 22. On August 12, 2026, respondents filed their opposition to the second amended petition. Doc. 26.

For the reasons set forth below, the petition is granted.

## I. BACKGROUND

Petitioner is a citizen of The Bahamas who entered the United States on July 26, 2001 on a B-2 temporary visitor visa as a child. Docs. 14-1, Declaration of Alejandro Parra Jaimes ("Jaimes Decl.") at ¶ 5; 14-3 at 4; *see* Doc. 19 at 1. Petitioner's visa expired on January 25, 2002. Doc. 14-1, Jaimes Decl. at ¶ 5. Petitioner attended elementary through high school in Florida. Doc. 19 at 1.

Petitioner was convicted of a federal felony (carjacking) in March 2022 and a state felony (robbery) in April 2022. Doc. 14-1, Jaimes Decl. at ¶¶ 6–7. After his release from criminal custody, petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody. Docs. 14 at 1; 21 at ¶ 52. Petitioner states he was detained by immigration authorities on October 1, 2025; respondents indicate that petitioner was detained on November 8, 2025. Docs. 21 at ¶ 2; 14 at 1; *see* Doc. 14-3 at 5. Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c) at Golden State Annex. Docs. 14 at 1; 21 at ¶ 1; *see* Doc. 14-1, Jaimes Decl. at ¶ 9.

On June 16, 2026, the immigration judge denied petitioner's applications for relief and order him removed to The Bahamas. Doc. 26-1 at 1–4. Petitioner appealed the decision on July 6, 2026. Doc. 26 at 1. Currently, petitioner's appeal is pending; a briefing schedule has not yet been issued. *Id.*

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention pursuant to 28 U.S.C. § 2241.

*See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III. DISCUSSION AND ANALYSIS

Petitioner argues that his now ten-month detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.[1] *See* Doc. 21 at 25–27. Respondents argue that petitioner does not have a procedural or a substantive due process right to a bond hearing. *See* Doc. 26 at 2–3. Petitioner is detained pursuant to § 1226(c), which applies to noncitizens who are "deportable or inadmissible based on a qualifying, enumerated offense." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). Detention under § 1226(c) is mandatory and under this statute, "a noncitizen is not statutorily entitled to a bond hearing." *Id.*

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The due process clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693.

In *Demore v. Kim*, the Supreme Court upheld 8 U.S.C. § 1226(c) on a facial challenge. *Demore v. Kim*, 538 U.S. 510, 523 (2003). The Court explained that Congress enacted that provision because, in many cases, noncitizens with qualifying criminal convictions failed to appear for their proceedings or committed further crimes while their removal proceedings were pending. *See id.* at 518–20; *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (identifying prevention of flight and danger to the community as the two legitimate regulatory goals of immigration detention). *Demore* emphasized that in the "majority of cases," § 1226(c) detention "lasts for less than . . . 90 days" and that in the 15% of cases involving appeals, that additional process "takes an average of four months." *Id.* at 529. *Demore* rejected the petitioner's claim that it was unconstitutional to detain him for this "brief period." *Id.* at 523.

But "[d]ue process protections do not disappear simply because mandatory detention

---

[1] Petitioner states he was detained on October 1, 2025. Doc. 21 at ¶ 2. Respondents indicate that petitioner was detained on November 8, 2025. Doc. 14 at 1. Respondents date is based on a I-213 form prepared on May 14, 2025. *See* Doc. 14-3 at 5. Respondents do not mention the difference in date in either their response or opposition. *See* Docs. 14, 26. As such, this order uses the date stated by petitioner. However, as there is only a five-week difference between the two dates, the analysis would be the same using respondents' date.

under Section 1226(c) is at least initially permissible." *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024). *Demore* rejected a facial challenge to § 1226(c), and to prevail on such a challenge, a plaintiff must show that a statute is "unconstitutional in every conceivable application." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). In contrast, an as-applied challenge requires a plaintiff to show only that "the application of the statute to a specific factual circumstance" is unconstitutional. *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011).

As other courts have explained in considering *Demore*, its conclusion that § 1226(c) is constitutional in some of its applications "does not mean that the Court does not have the power to grant petitions for habeas corpus raising *as-applied* constitutional challenges to [§ 1226(c)] detention . . . ." *Perera v. Jennings*, 598 F. Supp. 3d 736, 744 (N.D. Cal. 2022); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208–10 (3d Cir. 2020) (noting that *Demore* involved a facial challenge and did not foreclose as-applied challenges); *Black v. Decker*, 103 F.4th 133, 149 & n.22 (2d Cir. 2024). Petitioner brings such an as-applied challenge, arguing that his now ten-month detention has become unreasonably prolonged in violation of the Due Process Clause.

Procedural due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**A. Liberty Interest**

Petitioner has a clear liberty interest in securing his freedom from detention. "Protected liberty interests 'may arise from two sources—the Due Process Clause itself and the laws of the States.'" *Thompson*, 490 U.S. at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Petitioner's interest arises directly from the Due Process Clause. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the

liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Foucha v. Louisiana*, 504 U.S. 71, 86 (1992) ("Freedom from physical restraint [is] a fundamental right[.]").

Respondents argue that petitioner's detention under § 1226(c) "comports with due process without regard to whether such detention is assertedly 'prolonged'" and that there is no "danger of indefinite detention" because petitioner's removal "is likely in the reasonably foreseeable future."[2] Doc. 26 at 2. Here, an immigration judge ordered petitioner's removal, a decision which petitioner appealed. Docs. 26 at 1; 26-1 at 1–4. The appeal is still pending and a briefing schedule has not been issued. Doc. 26 at 1. Although petitioner may eventually have a final order of removal, petitioner has been detained for ten months without a bond hearing while his case is still moving through the appeals process. The Ninth Circuit has recognized that § 1226(c) detainees have a "liberty interest" in "freedom from prolonged detention," *Singh v. Holder*, 638 F.3d 1196, 1204–05 (9th Cir. 2011), and other courts in this circuit have recently held that a noncitizen "has a protected liberty interest in avoiding prolonged detention that has not been justified," *Maria v. Warden*, No. 1:26-CV-03957-TLN-CKD, 2026 WL 2070039, at *2 (E.D. Cal. July 17, 2026); *Shehata v. Chestnut*, No. 1:26-CV-02840-DJC-SCR, 2026 WL 1257227, at *3 (E.D. Cal. May 7, 2026), *report and recommendation adopted*, No. 1:26-CV-02840-DAD-SCR, 2026 WL 1712600 (E.D. Cal. June 12, 2026) ("Petitioner has a strong liberty interest in avoiding prolonged detention without any bond hearing[.]"). As such, petitioner has established a liberty interest.

**B. Necessary Procedures**

Courts in this circuit have taken a variety of approaches to decide whether due process requires a bond hearing in a particular immigration detention case. *See, e.g.*, *Rodriguez Diaz v.*

---

[2] Respondents also argue that "[p]etitioner is free to end his detention at any time by departing the country" and that petitioner continued detention is due to him pursing appeal of his removal. Doc. 26 at 3. But "[p]etitioner's BIA appeal (and his appeal to the Ninth Circuit, should he pursue it) is perfectly legitimate" and it is not compatible "with our system of government that [p]etitioner should simply have to forfeit his due process rights because he is choosing . . . to pursue the rights provided to him by our laws." *Romero Romero v. Wolf*, No. 20-cv-08031-TSH, 2021 WL 254435, at *4 (N.D. Cal. Jan. 26, 2021).

*Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying the *Mathews* test to determine whether a noncitizen detained pursuant to 8 U.S.C. § 1226(a) was entitled to a second bond hearing); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) (considering "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government" in the § 1226(c) context); *Banda*, 385 F. Supp. 3d at 1117 (W.D. Wash. 2019) (considering six factors, including "the likelihood that the removal proceedings will result in a final order of removal," in the § 1225(b) context).

In *Mathews v. Eldridge*, the Supreme Court held that "identification of the specific dictates of due process generally requires consideration of three distinct factors":

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

The Ninth Circuit has found that "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz*, 53 F.4th at 1206. Courts in the district have frequently applied the *Mathews* factors in the context of a noncitizen detained pursuant to § 1226(c) for a prolonged period. *See, e.g.*, *Christian Medina Guel v. Chestnut*, No. 1:26-CV-0426-DAD-DMC-HC, 2026 WL 2267924, *3 (E.D. Cal. Aug. 6, 2026); *Rafael P. v. Warden of the Golden State Annex Detention Facility*, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, *3 (E.D. Cal. Feb. 26, 2026); *Flores Jimenez v. Andrews*, No. 1:25-cv-01104-KES-HBK, 2026 WL 1040948, *3–4 (E.D. Cal. Apr. 16, 2026). Accordingly, the court will apply the *Mathews* test.

**1. Petitioner's Private Interest**

The Ninth Circuit has held that it is "beyond dispute" that a noncitizen's private interest is "fundamental: freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). And "an individual's private interest in 'freedom from

prolonged detention' is 'unquestionably substantial.'" *Rodriguez Diaz*, 53 F.4th at 1207 (citing *Singh*, 638 F.3d 1196, 1204–05). As petitioner has already been detained ten months without a bond hearing, the first factor weighs in petitioner's favor.

**2. Risk of Erroneous Deprivation**

The purpose of immigration detention is to protect the community from dangerous noncitizens and prevent noncitizens from fleeing. *See Zadvydas*, 533 U.S. at 690. "In evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention." *Eliazar G.C. v. Wofford*, No. 1:24-cv-01032-EPG-HC, 2025 WL 711190, *6 (E.D. Cal. Mar. 5, 2025) (citation and internal quotations omitted) (citing *Rodriguez Diaz*, 53 F.4th at 1209–10). Under § 1226(c), petitioner does not have the statutory right to a bond hearing to determine whether he is a flight risk or a danger. *Avilez*, 69 F.4th at 530. "As additional procedures are not mandated under § 1226(c), the risk of erroneous deprivation as [p]etitioner's time in detention lengthens is not insignificant." *Eliazar G.C.*, 2025 WL 711190, *7. As petitioner has not received any procedural opportunity to address danger and flight risk issues while he has been detained for ten months pending his removal proceedings, there is some risk of erroneous deprivation.

**3. Government's Interest**

Regarding the third factor, "the government clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law'" and "has an obvious interest in 'protecting the public from dangerous criminal aliens.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore*, 538 U.S. at 518). But the "government interest at stake here is not the continued detention of [p]etitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field Off.*, No. 3:19-cv-01358-S, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). And "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal, and there is nothing in the record . . . demonstrating that providing [p]etitioner with a bond hearing would be fiscally or administratively burdensome." *Eliazar*

*G.C.*, 2025 WL 711190, *8. The third factor weighs in petitioner's favor.

In summary, on balance the *Mathews* factors weigh in favor of petitioner. Accordingly, petitioner is entitled to a bond hearing.

## IV. CONCLUSION AND ORDER

The Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED.
2. Respondents are ORDERED to provide petitioner Lavardo John Basden (A-Number: 240-452-962) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
3. The Clerk of Court is directed to terminate all remaining pending motions and the findings and recommendations (Doc. 18) as moot, and to close this case.

IT IS SO ORDERED.

Dated: August 20, 2026

UNITED STATES DISTRICT JUDGE